### IDELLA J. CARR *vs.* SOL WEISS.

Suffolk.    March 26, 1913. — October 20, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Release.    Assault and Battery.    Practice, Civil,* Judge's charge.

A release under seal, containing the words "I do hereby release the said W from all claims and demands which I may or might have against him and this release is in full of all demands against the said W every name and nature whether in law or in equity I may have against him to date," covers a claim for damages for an assault and battery; and in an action for assault and battery, where this release is relied on in defense, it is error for the presiding judge to give

---

an instruction which can be understood by the jury to mean that unless the language of the release was enlarged by the circumstances under which it was executed the plaintiff's claim is not covered by it.

TORT, with two counts, the first for an assault and battery alleged to have been committed on the plaintiff on June 15, 1910, and the second for the alleged conversion on the same day of a certificate for three hundred shares of a certain stock of the alleged value of $450. Writ in the Municipal Court of the City of Boston dated August 23, 1910.

A supplementary answer of the defendant set up a release under seal of all claims and demands against the defendant.

On appeal to the Superior Court the case was tried before *Hitchcock*, J. The release which was put in evidence is quoted in the opinion, where also certain extrinsic evidence is stated.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. That upon all the evidence the defendant is entitled to a verdict.

"2. That, as to the release put in evidence by the defendant, the only question in issue is whether or not the plaintiff signed the same, and if the jury find that the plaintiff signed the same the verdict must be for the defendant."

The judge refused to make either of these rulings and gave the instruction which is quoted in the opinion, to which the defendant excepted. The jury returned a verdict for the plaintiff in the sum of $600 on the first count and in the sum of one cent on the second count. The defendant alleged exceptions.

*H. Bergson & J. J. O'Connor*, for the defendant, submitted a brief.

*J. D. Graham*, for the plaintiff.

LORING, J. The first count of the declaration was for assault and battery and the second for conversion of shares of stock. The defendant pleaded a release.

At the trial a release under seal in the following words was put in evidence: "I hereby acknowledge to have this day received from Saul Weiss one dollar to me paid by said Weiss, I do hereby release the said Weiss from all claims and demands which I may or might have against him and this release is in full of all demands against the said Weiss every name and nature whether in law or in

equity I may have against him to date. Witness my hand and seal this 11th day of July, A. D. one thousand nine hundred and ten. Idella J. Carr (Seal)."

The defendant took an exception to the following portion of the judge's charge: "Now, the release — if it was signed — is to be considered with reference to those things that are stated therein, or with reference to the circumstances at the time, with a view of determining what the intention was; if it was intended to include anything outside of what is expressed in the release."

The plaintiff, who had been a tenant of the defendant, owed him for rent but there was a dispute as to the amount. The plaintiff also asserted that the defendant had assaulted her. On July 11, 1910, there was a settlement between the parties at which the plaintiff, the defendant, one Cora Stevens (who succeeded the plaintiff as tenant of the defendant), and another person were present. The plaintiff admitted that she sold her furniture to Cora Stevens on that day, but denied that a bill of sale of it to Stevens dated July 11 and the release set forth above were signed by her. The defendant testified "that he did not strike the plaintiff, but that on several occasions prior to the eleventh day of July, 1910, she had accused him of striking her, and that on said eleventh day of July, 1910, when he was settling matters with her regarding the rent, he told her in view of her accusations that he wanted a full release of all claims that she had against him; that she demurred at first but finally signed the release . . . as well as the bill of sale." There was further evidence that the plaintiff signed both papers.

In that portion of the charge to which exception was taken the presiding judge assumed, or well might have been taken by the jury to have assumed, that unless its meaning was enlarged by the circumstances under which it was executed the release did not cover the plaintiff's alleged claim for assault and battery. This was not correct, and this exception must be sustained without considering further this portion of the charge.

The rulings asked for by the defendant could not have been given. There was evidence that the plaintiff did not sign the release and so the first could not be given. If the release had been signed but not delivered, it would not have been a bar. For that reason the judge was not wrong in refusing to give the defendant's second ruling.                    *Exceptions sustained.*